```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/06/2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARK SMITH,                                                 :
                                                            :
                              Plaintiff,                    :     12 Civ. 4891 (KPF)
                  -v.-                                      :
                                                            :     OPINION AND ORDER
THE CITY OF NEW YORK and OFFICER DAVID                      :
LOCURTO,                                                    :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

On June 20, 2012, Plaintiff, *pro se*, initiated this action under 42 U.S.C. § 1983, alleging claims of false arrest and malicious prosecution against Defendants Officer David LoCurto and the City of New York in connection with Plaintiff's July 2008 arrest and subsequent prosecution. Defendants now move to dismiss the action for failure to state a claim. For the reasons set forth in the remainder of this Opinion, the motion is granted.

## BACKGROUND

In considering this motion, the Court is limited to the facts stated in the Complaint and the documents incorporated by reference therein. *Int'l Audiotext Network, Inc.* v. *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[T]he complaint is deemed to include any [ ] documents incorporated in it by reference." (quoting *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991))). The Court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as

arrest reports, indictments, and criminal disposition data. *Kramer* v. *Time Warner Inc.*, 937 F.2d 767, 773-75 (2d Cir. 1991) (holding that the Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201); *see also Awelewa* v. *New York City*, No. 11 Civ. 778 (NRB), 2012 WL 601119, at *2 (S.D.N.Y. Feb. 23, 2012) (judicial notice may be taken of arrest reports, criminal complaints, indictments, and criminal disposition data) (citing *Wims* v. *New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011)).  Where the Court takes judicial notice, it does so "in order to determine what statements [the public records] contained ... not for the truth of the matters asserted." *Roth* v. *Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation marks and emphases omitted) (quoting *Kramer*, 937 F.3d at 774).

    The following facts are taken from Plaintiff's Complaint ("Compl."), Plaintiff's Amended Complaint ("Am. Compl."), and matters of public record of which the Court may permissibly take judicial notice, including the July 16, 2008 arrest report ("Arrest Report"; Nam Decl. Ex. C); the complaint filed on July 16, 2008, in New York County Criminal Court and assigned Docket Number 2008NY052568 ("Criminal Compl."; Nam Decl. Ex. D); and Certificate of Disposition No. 302033 issued by the New York County Criminal Court for Docket Number 2008NY052568 ("Certificate of Disposition"; Nam Decl. Ex. E).

### A.     The July 16, 2008 Arrest

Plaintiff alleges that on July 16, 2008, at 3:00 p.m., Officer David LoCurto "seized and arrested" Plaintiff for "allegedly violating the tax code." (Am. Compl. 3).

The arrest report from July 16, 2008, states that Officer LoCurto arrested Plaintiff for criminal contempt in the second degree and aggravated harassment in the second degree. (Arrest Report 1).

### B.     The Criminal Complaint

Plaintiff further alleges that the City of New York "maliciously prosecuted the Plaintiff in an attempt to force a guilty plea to a crime that was not committed" under Docket Number 2008NY052568. (Am. Compl. 3).

On July 16, 2008, at 9:30 p.m., a criminal complaint was filed against Plaintiff in New York County Criminal Court; the complaint was assigned Docket Number 2008NY052568, and was sworn to by Officer LoCurto. (Criminal Compl.). The complaint stated that Officer LoCurto was informed by a complainant that Plaintiff had called the complainant and stated, "I don't care about the order of protection. If you come around your grandfather's house I have people that will kill you. I also know where your job is and I could show up at any time without you knowing." (*Id.*). The complaint further stated that the conduct violated a valid Order of Protection that had been issued in Kings County Criminal Court on June 18, 2008. (*Id.*).

## C. The Disposition of the Criminal Case

Plaintiff alleges that the criminal complaint filed against him in Docket No. 2008NY052568 was dismissed, and the records sealed. (Compl. 3).

The Certificate of Disposition states that the proceeding against Plaintiff in Docket No. 2008NY052568 was adjourned on December 15, 2008, and dismissed on December 14, 2009. (Certificate of Disposition).

## D. The Instant Litigation

On June 20, 2012, Plaintiff initiated this action, alleging false arrest by Officer John Doe in connection with an arrest on July 16, 2008. (Dkt. #1). Plaintiff alleged that the criminal complaint against him was dismissed and sealed under Docket No. 2008NY052568. (Compl. 3). On July 30, 2013, Plaintiff filed an amended complaint, alleging false arrest by Officer David LoCurto in connection with an arrest on July 16, 2008, for "allegedly violating the tax code." (Am. Compl. 3; Dkt. #13). This time, Plaintiff also alleged claims of malicious prosecution against the City of New York, alleging that the City "maliciously prosecuted the Plaintiff in an attempt to force a guilty plea to a crime that was not committed." (Am. Compl. 3).

Defendants moved to dismiss on August 26, 2013 (Dkt. #22), and filed a "Notice to Pro Se Litigant" in accordance with Local Rule 12.1 (Dkt. #23). Plaintiff timely filed a response (Dkt. #27), and the motion was fully briefed on October 9, 2013, with the filing of Defendants' reply (Dkt. #29).

**DISCUSSION**

A.  **The Standard of Review**

When considering a motion under Rule 12(b)(6), the Court should "draw all reasonable inferences in Plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." Fed. R. Civ. P. 12(b)(6); *Faber* v. *Metropolitan Life*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan* v. *N.Y. Thruway Auth.*, 548 F.3d 82, 88 (2d Cir. 2009)).  A plaintiff is entitled to relief if he alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("[W]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to nudge [plaintiff's] claims across the line from conceivable to plausible." (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 570)). "[C]ourts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted) (citing *Graham* v. *Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

The Court is not, however, bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon* v. *Hennenman*, 517 F.3d 140, 149 (2d Cir. 2008) (quoting *Smith* v. *Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002); *see also Harris* v. *Mills*, 572 F. 3d 66, 72 (2d Cir. 2009) ("[A]lthough a court must accept as true all of the allegations

contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009))).

**B.   Application**

   **1.   Plaintiff's Section 1983 Claim for False Arrest Is Time-Barred**

Defendants first contend that Plaintiff's claim for false arrest is time-barred. (Def. Br. 4).[1] It is well-established that in New York, the statute of limitations applicable to Section 1983 claims is three years. *Owens* v. *Okure*, 488 U.S. 235 (1989). A Section 1983 claim accrues when a plaintiff knows or has reason to know of the injury that forms is the basis of his action. *Singleton* v. *City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). Section 1983 claims are not tolled by the pendency of a criminal prosecution. *See id.* (holding that "there is no provision for tolling the time for filing a cause of action during the period when a criminal prosecution is pending against the plaintiff").

Plaintiff was arrested on July 16, 2008. In New York, a Section 1983 claim for false arrest accrues "when the alleged false imprisonment ends." *Lynch* v. *Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (summary order) (holding that false arrest claim accrued after plaintiff was arraigned, which was shortly after arrest) (citing *Wallace* v. *Kato*, 549 U.S. 384, 388-89 (2007)); *see also Orakwue* v. *City of New York*, No. 11 Civ. 6183 (RRM)

---

[1] In the caption to Point I, and in the first sentence of the section, Defendants suggest that Plaintiff's malicious prosecution claim is also time-barred. (*See* Def. Br. 4). It is not. The claim accrued on the date the prosecution terminated, i.e., December 14, 2009, the date on which Plaintiff's 2008 criminal case was dismissed. *See Singleton*, 632 F.2d at 193. As such, Plaintiff's malicious prosecution claim was timely filed.

(VMS), 2013 WL 5407211, at n.6 (E.D.N.Y. Sept. 25, 2013) (collecting cases); *Tribble* v. *City of New York*, No. 10 Civ. 8697 (JMF), 2013 WL 69229, at *3 (S.D.N.Y. Jan. 3, 2013) (same); *Berry* v. *Village of Millbrook*, No. 09 Civ. 4234 (KMK), 2010 WL 3932289, at *3 (S.D.N.Y. Sept. 29, 2010) (same).

Here, Plaintiff was charged the day he was arrested. There is no evidence, nor any allegation, that Plaintiff was held in jail at all, or was not arraigned promptly thereafter. Thus, Plaintiff's claim for false arrest accrued on or about July 16, 2008, and the statute of limitations expired on or about July 16, 2011. Plaintiff has offered no reason why the statute of limitations for his false arrest claim should accrue on any day other than July 16, 2008.[2] As Plaintiff initiated this action on June 20, 2012, nearly a year after the statute of limitations expired, his false arrest claim is time-barred.

### 2. Plaintiff Cannot Maintain a Claim for Malicious Prosecution

Defendants further claim that Plaintiff's malicious prosecution claim is barred because Plaintiff cannot allege that the prosecution was terminated in his favor. (Def. Mem. 5). To establish a claim for malicious prosecution under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation." *Murphy* v. *Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (citing *Russell* v. *Smith*, 68 F.3d 33, 36 (2d Cir. 1995)). An adjournment in contemplation of dismissal does not constitute a favorable termination for

---

[2]  Plaintiff did not address Defendants' statute of limitations arguments in his opposition brief. (*See generally* Pl. Opp.).

7

the purposes of a malicious prosecution claim. *See Shain* v. *Ellison*, 273 F.3d 56, 68 (2d Cir. 2001) ("[a]n adjournment in contemplation of dismissal is not considered to be a favorable termination" for malicious prosecution claims (quoting *Murphy*, 118 F.3d at 947)); *accord Green* v. *Mattingly*, 585 F.3d 97, 103-04 (2d Cir. 2009) (same); *Fulton* v. *Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (holding that an adjournment in contemplation of dismissal "is not a favorable termination because it leaves open the question of the accused's guilt."); *Murphy* v. *Lynn*, 118 F.3d at 949 (citing *Hollender* v. *Trump Village Cooperative, Inc.*, 58 N.E.2d 420, 426 (1983)).

Plaintiff's criminal case was adjourned in contemplation of dismissal on December 15, 2008, and dismissed on December 14, 2009. (Certificate of Disposition). In his opposition brief, Plaintiff argues that his criminal case was favorably terminated because it was ultimately dismissed, but this argument fails as a matter of law in light of the cases cited above. Accordingly, Plaintiff's malicious prosecution claim must also be dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to terminate Docket Entry 22 and close the case.

SO ORDERED.

Dated: November 6, 2013
      New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this order was mailed by Chambers to:*
```
Mark A. Smith
223 Ten Eyck Walk, Apt.#1A
Brooklyn, NY 11206
```